IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM T. SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 7:18-CV-00444 |
| ) | |
| HAROLD CLARKE, MELVIN DAVIS, and DR. ) | By: Elizabeth K. Dillon |
| LAURENCE WANG, ) | United States District Judge |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff William T. Sims alleges that the defendants have refused to treat a variety of medical issues he has dealt with while incarcerated at Green Rock Correctional Center. Two of the defendants—Harold Clarke, Director of the Virginia Department of Corrections, and Melvin Davis, Warden at Green Rock—move to dismiss for failure to state a claim.[1] For the reasons stated below, this motion will be denied.

I. BACKGROUND

In this action under 42 U.S.C. § 1983, Sims alleges that defendants have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. (Compl. ¶ 13, Dkt. No. 1.) He asserts that defendants

> are denying me medical treatment that I obviously need, they're ignoring medical orders, not honoring specialist's and primary care physician's orders that come to the Department of Corrections with me, they're ignoring all signs of physical deterioration, they're ignoring repeated complaints of worsening pain and repeated complaints that the course of treatment is not working, they're denying me medical visits with doctors qualified to treat, diagnose

---

[1] The third defendant, Dr. Laurence Wang, separately moved to dismiss or in the alternative for summary judgment. The court will address that motion in a separate opinion and order.

and monitor issues that Dr. Wang is not qualified to treat nor has the
equipment to diagnose.

(*Id.* ¶ 8.) Sims' alleged ailments are as follows: persistent headaches, dizzy spells, blurred vision and brain tremors that affect his speech and orientation; blackouts and memory lapses; sleep apnea; weight gain; borderline diabetic, with circulation issues; hypertension and high cholesterol; neck and spine damages; lower back issues; and bowel movement issues. (*Id.*) By way of example, Sims alleges the following regarding his issues with bowel movements:

> Since being at the Green Rock Correctional Center I have been unable to use the restroom properly. On average I have only been able to have a bowel movement once a week. My stool is not hard yet I still cannot go to the restroom. It has got so bad that at times I go two weeks without using the restroom and have to take medication just to use the restroom. I have explained everything not only to Doctor Wang but to administration within and outside of the correctional institution and no one will resolve this problem. I'm always in severe pain, blood is in my stool on a regular basis, x-rays have even shown large amounts of stool around my colon because of my inability to use the restroom on my own! I should not have to take medication just to be able to use the restroom. Dr. Wang still refuses to send me to a doctor who is qualified to treat my stomach issues and who knows what test to run to determine what is wrong. Instead Doctor Wang chooses only to prescribe me laxatives when its obvious something is not working inside of me. Which is causing me to not be [able] to use the restroom to have bowel movements without assistance. Bowel movements is a major life activity and without it you cannot expel toxins from your body and can actually die without this function. Your immune system is weakened etc. I need immediate help and intervention because Dr. Wang and the aforementioned defendants refuse to give me or get me the medical treatment that I need. Each person named as a defendant has personal knowledge of everything in my complaint each and every issue. The only steps that have been taken to help me has been to repeatedly send me back to Doctor Wang although they are aware that the treatment is not working, in some case there is no treatment and I'm deteriorating.

(*Id.*)

Sims seeks compensatory damages, punitive damages, and an injunction ordering that he be seen and treated by a different doctor. (*Id.* ¶ 16.)

II.  ANALYSIS

**A.  Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014).  A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302.  *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

**B.  Eighth Amendment**

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019).  To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57.  The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

Clarke and Davis argue that Sims fails to plausibly allege that they were personally involved in any alleged violation of Sims' Eighth Amendment rights.  A successful § 1983 plaintiff must

3

affirmatively show that the "official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). In other words, there must be "personal knowledge of and involvement in the alleged deprivation." *Id.* Sims' complaint includes a lengthy recitation of his many ailments and Sims' disagreement with how Dr. Wang is treating those ailments. While Dr. Wang is the one providing medical treatment, at various points Sims specifically alleges that Clarke and Davis were made aware of his complaints yet refused to help. For example, Sims alleges that "[e]ach defendant has been personally notified of my situations and complaints on numerous occasions and have chosen to turn a blind eye to my needs. In some cases they have chosen to continue treatment that's not working, delay needed treatment or flat out refuse treatment." (Compl. ¶ 8.) This is a plausible allegation that Clarke and Davis had personal knowledge of and involvement in the alleged violation of Sims' Eighth Amendment rights. In *Wright*, the court explained that "[r]eceipt of letters by prison officials may be evidence of personal knowledge of unconstitutional conditions" and such notice can "facilitate personal involvement in a deprivation of rights where the harm continues over a period of time." 766 F.2d at 850. Sims alleges an ongoing pattern of, and repeated complaints about, deliberate indifference to his medical needs.[2] *See id.* (reversing grant of summary judgment because "the notice regarding conditions was notification of a continuing problem which may have been within Collins' power to remedy"). Moreover, the fact that Davis is the Warden at Green Rock bolsters the plausibility that he was personally involved in the deprivation. *Id.* ("In addition, as Warden of Maryland Penitentiary, Collins presumably has broad authority over the prison. It is conceivable that, if Wright is permitted to press his claim on the merits, he may be able to show sufficient personal involvement

---

[2] The court notes that Clarke and Davis do not argue that Sims' alleged ailments are not objectively serious medical conditions.

4

stemming either from Collins' duties as Warden or from his receipt of notification from Wright to establish a basis for § 1983 liability.").

Clarke and Davis emphasize that Sims was under the care of Dr. Wang, pointing to a line of cases holding that prison officials can defer to the treatment decisions of trained medical professionals. "If a prisoner is under the care of medical experts . . . a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands." *Iko v. Shreve*, 535 F.3d 225, 242 (4th Cir. 2008) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)); *see also Miltier v. Beorn*, 896 F.2d 848, 854–55 (4th Cir. 1990). The court does not construe Sims' complaint as seeking to hold Clarke and Davis liable for the actions of Dr. Wang. Instead, Clarke and Davis "face liability for *their own* decisions," made while Sims was "in their charge." *Iko*, 535 F.3d at 242 (emphasis in original); *see also Gordon*, 937 F.3d at 358 (recognizing that "a nonmedical prison official can generally defer to the decisions of prison medical personnel at the institutional level," but finding personal involvement where official "reviewed and denied many grievance appeals" requesting treatment). In other words, as discussed above, Sims plausibly alleges that Clarke and Davis were deliberately indifferent to Sims' serious medical needs by their response, or failure to respond, to Sims' complaints about his medical treatment.

### III.  CONCLUSION

For the foregoing reasons, the motion to dismiss filed by Clarke and Davis (Dkt. No. 17) is DENIED.

Entered: November 20, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge