IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM T. SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 7:18-cv-00444 |
| ) | |
| HAROLD CLARKE, MELVIN DAVIS, and DR. ) | By: Elizabeth K. Dillon |
| LAURENCE WANG, ) | United States District Judge |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

*Pro se* plaintiff William T. Sims alleges that the defendants have refused to treat or mistreated a variety of medical issues he has dealt with while incarcerated at Green Rock Correctional Center. One of the defendants, Dr. Laurence Wang, moves to dismiss, or in the alternative, for summary judgment.[1] Because Dr. Wang relies on evidence outside the pleadings in support of this motion, including his own declaration, the court will treat this as a summary judgment motion, which will be granted.

I. BACKGROUND

In this action under 42 U.S.C. § 1983, Sims alleges that defendants have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. (Compl. ¶ 13, Dkt. No. 1.) He asserts that defendants

> are denying me medical treatment that I obviously need, they're ignoring medical orders, not honoring specialist's and primary care physician's orders that come to the Department of Corrections with me, they're ignoring all signs of physical deterioration, they're ignoring repeated complaints of worsening pain and repeated complaints that the course of treatment is not working, they're

---

[1] The other two defendants, Harold Clarke and Melvin Davis, filed a separate motion to dismiss, which the court denied on November 20, 2019. (Dkt. No. 37.)

> denying me medical visits with doctors qualified to treat, diagnose
> and monitor issues that Dr. Wang is not qualified to treat nor has the
> equipment to diagnose.

(*Id.* ¶ 8.) Sims' alleged ailments are as follows: persistent headaches, dizzy spells, blurred vision and brain tremors that affect his speech and orientation; blackouts and memory lapses; sleep apnea; weight gain; borderline diabetic, with circulation issues; hypertension and high cholesterol; neck and spine damages; lower back issues; and bowel movement issues. (*Id.*)

Dr. Wang has been a contract physician for the Department of Corrections at Green Rock since 2007. (Declaration of Laurence Wang ("Wang Decl.") ¶ 2, Dkt. No. 14-1.) His responsibilities include acting as a medical provider for Green Rock inmates. (*Id.* ¶ 3.)

Dr. Wang has treated Sims for his shoulder, neck, and lower back pain. Sims has been repeatedly referred to outside medical providers for MRIs, epidurals, and physical therapy. Dr. Wang has treated Sims in accordance with his diagnosis and the recommendations of outside medical providers. (*Id.* ¶ 5.)

As to his bowel issues, Sims received an abdominal x-ray that was unremarkable and has not exhibited or complained of relevant symptoms since then. In March 2018, Sims had lab work done, which was within normal limits, and no referrals were required. In visits to outside healthcare providers, Sims specifically denied bowel movement issues. (*Id.* ¶ 6.)

Regarding Sims' weight issues, prior to receiving his prosthesis,[2] Sims' exercise routine was hampered by him being wheelchair-bound. Meanwhile, Sims purchases and eats unhealthy, fattening foods, including candy and sweets. (*Id.* ¶ 7.)

Sims has not complained about or exhibited any symptoms indicative of brain issues. Sims' vision has been regularly screened, and he was provided eyeglasses with issues or complaints of

---

[2] Sims' right leg is amputated above the knee.

blurry vision. In visits to outside healthcare providers, Sims specifically denied blurry vision. (*Id.* ¶ 8.)

In November 2017, Sims told Dr. Wang that he had used a CPAP machine years ago and that Sims would ask his family to bring it to him in prison, which Dr. Wang said would be fine. About a year later, Sims indicated that he did not get the CPAP machine and he requested one. Sims was referred to a sleep apnea study, but he refused, and his oxygen saturation at that time was not indicative of sleep apnea. At no time did Sims exhibit symptoms consistent with sleep deprivation. (*Id.* ¶ 9.)[3]

During his treatment of Sims, Dr. Wang did not diagnose any acute event or condition that was an emergency condition. Dr. Wang was aware that Sims complained of neck, shoulder, and lower back pain, complained of neurological issues, complained as to urological issues, and complained about carpal tunnel syndrome. Dr. Wang monitored Sims' condition and referred him for specialist treatment consistent with the standard of care for a physician licensed in the Commonwealth. Dr. Wang maintains that he did not ignore Sims' health issues or deny a referral to an outside healthcare provider when medically necessary. Dr. Wang is not aware of any serious medical need that was not met by health care providers for Sims at Green Rock. (*Id.* ¶¶ 10–12.)

II. ANALYSIS

**A. Motion for Summary Judgment**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that

---

[3] Dr. Wang's declaration states that he conducted an overnight test, which showed that Sims' oxygen saturation level was 97%–98%, meaning a CPAP machine was not appropriate. (Wang Decl. ¶ 9.) In his reply brief, Dr. Wang indicates that Sims is correct in noting that Sims did not complete his overnight sleep study. (Wang Reply 5, Dt. No. 25.)

"might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but the nonmovant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**B. Eighth Amendment**

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57. The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017). The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994). "True subjective

4

recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997).

As detailed above, Sims has a wide variety of medical issues and conditions. Most, if not all, of these are conditions can be considered objectively serious medical needs. However, the evidence in the record clearly demonstrates that Dr. Wang provided Sims with extensive treatment for his medical issues. (*See* Wang Decl; Exhibit B, Medical Records, Dkt. No. 14-2; Exhibit C, Medical Records, Dkt. No. 25-1.) Regarding his bowel issues, for example, Sims states in his response[4] that, at one point, he was "on the medication to make me use the restroom so of course I wasn't having issues at the time." (Resp. to Mot. to Dismiss 3, Dkt. No. 22.) Sims was treated with laxatives and referred to outside providers for laboratory testing. (*See, e.g.*, Ex. B at 79–80, 166–72.) The record similarly reflects treatment for his other issues, such as his neck, back, and shoulder problems. (*See* Ex. B at 55–56 (MRI screening for left shoulder), 67 (C6-C7 epidural), 70–74 (nerve conduction study/EMG report regarding potential cervical radiculopathy), 101–03 (cervical spine MR), 123–24 (referral for physical therapy), 130 (lumbar spine MRI), and 145 (back brace).)[5]

Sims' disagreement with the treatment he has received, and his desire that Dr. Wang achieve better results, is the theme of Sims' allegations. Sims states: "I am not saying that Dr. Wang is not seeing me but I am saying that Dr. Wang is not following the recommendations of the same outside physicians that he is sending me to which is the equivalent of no medical care and turning a blind eye to my needs. . . . I am being denied effective treatment." (*Id.* at 21.) It is well-established that

---

[4] Sims' response takes the form of a declaration under penalty of perjury. *See* 28 U.S.C. § 1746.

[5] Regarding his sleep apnea, as noted above, Sims refused the overnight sleep study. Regarding his obesity and weight loss issues, Dr. Wang referred Sims to outside providers for prosthetics, which would help him exercise and lose weight. (*See* Ex. C at 3–4.)

mere disagreement with a prescribed course of treatment is insufficient to establish an Eighth Amendment claim of deliberate indifference. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (finding that a prisoner's claim "is essentially a disagreement between an inmate and a physician over the inmate's proper medical care, and we consistently have found such disagreements to fall short of showing deliberate indifference"). If a medical provider has a legitimate medical reason for a certain course of treatment, an inmate's disagreement with the treatment is not sufficient to succeed on an Eighth Amendment claim. *Rush v. Vandevander*, Civil Action No. 7:08CV00053, 2008 WL 495651, at *2 (W.D. Va. Feb. 21, 2008) (citing *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999)); *see also Taylor v. Barnett*, 105 F. Supp. 2d 483, 488 (E.D. Va. 2000). Dr. Wang's declaration, combined with Sims' medical records, establishes that Dr. Wang had legitimate medical reasons for the course of treatment he provided for Sims' medical conditions. Sims' response to Dr. Wang's motion does not create an issue of fact as to whether Dr. Wang recklessly disregarded Sims' medical issues. Therefore, Dr. Wang is entitled to summary judgment.

III. CONCLUSION

For the reasons stated above, Dr. Wang's motion for summary judgment will be granted. An appropriate order will be entered.

Entered: December 4, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge